UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EARL LEE DOREY,
    Plaintiff,

v.                                              Case No.  5:22-cv-264-KKM-PRL

HANS HARTMANN, et al.,
    Defendants.
_____

## ORDER

Plaintiff Earl Lee Dorey sues two Sumter County Sheriff's Office deputies (each in their individual and official capacities) under 42 U.S.C. § 1983. (Doc. 1.) Dorey alleges that the officers used excessive force during an arrest in Oxford, Florida. (*Id.* at 4-5.) For the reasons explained below, the Complaint (Doc. 1) is dismissed without prejudice, and Dorey must file an amended complaint if he desires to proceed in this action.[1]

---

[1] Dorey does not list Ms. Katie Leann Bell, his girlfriend, as a plaintiff on the first page of the Complaint and she did not sign the Complaint. (Doc. 1 at 1, 11.) Her name, however, is provided on the second page of the Complaint under the parties to the action. (*Id.* at 2.) Dorey alleges that Ms. Bell was assaulted when she intervened and attempted to stop the officers from assaulting Dorey. (*Id.* at 5.) Under injuries, Dorey states Ms. Bell was tased in the stomach. (*Id.*) To the extent Dorey attempts to include Ms. Bell as a co-plaintiff, Dorey may not represent Ms. Bell. "The right to litigate for oneself . . . does not create a coordinate right to litigate for others." *Walker v. Brown*, No. CV 112-105, 2012 WL 4049438, at *1 (S.D. Ga. Aug. 14, 2012) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)), *report and recommendation adopted by* 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012). Dorey, a pro se layman, is not permitted to litigate on behalf of others. *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (quoting *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (noting the right to proceed pro se is an individual right that "does not

I.  **Legal Background**

   a.  Section 1915

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it is without arguable merit either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)."). Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

   b.  Section 1983

Dorey's claim arises under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted). To

---

extend to the representation of the interests of others")). As alleged now, Ms. Bell is not a plaintiff in this case.

2

successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

II.   Analysis

Dorey states he is facing battery charges as a result of the incident and the state criminal case is still pending. (Doc. 1 at 4.) He is currently an inmate of the Florida Department of Corrections (FDOC) serving time on other charges but is out of department custody pursuant to court order.[2] *Id.* He proceeds pro se in this action and sues Hans Hartmann and Hector Otero, deputies for the Sumter County Sheriff's Office. Dorey claims the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and deprived him of his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution. (Doc. 1 at 3.) Dorey claims the Defendants "acted with brutality in an [sic] cruel and unusual manner when arresting the Plaintiff under color of state law causing significant physical injury." *Id.* at 4.

---

[2] *See* Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited June 16, 2022).

Dorey alleges that at approximately 11:00 p.m. on September 26, 2019, he was physically assaulted by the two officers without justification. (*Id.* at 5.) Defendant Hartmann hit Dorey in the head with a flashlight, which resulted in a wound that required seven staples to close. (*Id.*) Defendant Hartmann also sat with his knee on Dorey's neck and punched Dorey in the face seven to ten times. (*Id.*) Defendant Otero kicked Dorey while he was on the ground and broke Dorey's ribs. (*Id.*)

Dorey claims he suffered the following injuries from the use of force: an injury to his head requiring seven staples, broken ribs, multiple bruises and lacerations, and a torn rotator cuff to his left arm. (*Id.*) He was treated for his injuries at the Villages Hospital at approximately midnight on September 26, 2019. (*Id.*)

Dorey seeks declaratory relief that the Defendants' actions violated his right to due process in that it was cruel and unusual police brutality. (*Id.*) He also seeks nominal and punitive damages and any other relief deemed just and proper. (*Id.*)

Dorey's Complaint is deficient in several ways. His allegation that he was deprived of due process is conclusory and devoid of factual support. He makes no allegation that the underlying search and seizure was unreasonable pursuant to the Fourteenth Amendment. *See Ebner v. Cobb Cnty.*, No. 20-113118, 2021 WL 6118169, at *1 (11th Cir. Dec. 27, 2021) (per curiam) (noting drivers sued the county for violating their rights to be free from

4

unreasonable searches and seizures under the Fourteenth Amendment claiming the officer based his probable-cause determinations on unreliable eye examinations).[3]

To the extent Dorey is raising a substantive due process claim based on alleged police brutality during an arrest, such a claim is redundant of the constitutional claim he apparently seeks to assert, excessive force during an arrest. When a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process[.]'" *Graham v. Connor,* 490 U.S. 386, 395 (1989).

Dorsey relies on the Cruel and Unusual Punishment Clause of the Eighth Amendment in his Complaint. (Doc. 1 at 3.) At the time of his arrest, he was not confined in the FDOC.[4] Thus, he is improperly relying on the Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions[.]" *Whitley v. Albers,* 475 U.S. 312, 327 (1986). Liberally construing the Complaint, Dorey may be attempting to raise a claim under the Fourth Amendment. "The Fourth Amendment, in relevant part, guarantees, 'the right of the people to be secure in their persons . . . against unreasonable . . . seizure.'" *Alcocer v. Mills,* 906 F.3d 944, 952-53

---

[3] The Court finds the reasoning of *Ebner* persuasive. *See McNamara v. Gov't Emp. Ins. Co.,* 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent). *See* Rule 32.1, Fed. R. App. P.
[4] *See* Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited June 16, 2022).

(11th Cir. 2018) (alterations in original) (quoting U.S. Const. amend. IV). This provision encompasses "the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Thus, "[p]roperly analyzed, the basis for the § 1983 claim of excessive force comes under the rubric of the Fourth Amendment[.]" *Jones v. Marcum*, 197 F.Supp.2d 991, 998 (S.D. Ohio 2002). *See Reese v. Herbert*, 527 F.3d 1253, 1261 n.11 (11th Cir. 2008) (concluding that *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998), provides the correct standard to make the proper determination, and an excessive force claim should be analyzed in the context of the Fourth Amendment only).

The Fourth Amendment right against unreasonable searches and seizures includes the right to be free from excessive force during an arrest. *See Johnson v. City of Miami Beach*, 18 F.4th 1267, 1272 (11th Cir. 2021). Courts must assess excessive force cases under an objective reasonableness standard. *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). Under that standard, courts evaluate the officer's use of force "on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Brown v. City of Huntsville*, 608 F.3d 724, 738 (11th Cir. 2010). This analysis turns on "the facts and circumstances of each particular case," including a non-exhaustive list of factors, such as (1) "the severity of the crime at issue"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) "whether

6

he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Not every push or shove" violates the Fourth Amendment. *Id.*; *see also Charles v. Johnson*, 18 F.4th 686, 699 (11th Cir. 2021).

Dorey's allegations of excessive force fail to state a claim for relief under the above standard. Not only are his allegations vague and conclusory, they neglect to include the circumstances of his arrest that are necessary for a court to assess whether the use of force was required or analyze how much was needed. Mere use of force by officers and a resulting injury from the arrest fails to state a claim because it does not render Dorey's allegations plausible that the force used was gratuitous and unnecessary. *See Johnson*, 18 F.4th at 1272-73 (explaining that gratuitous force might involve unnecessary force against a secure suspect who is not resisting and poses no safety threat to the officer).

Thus, in order to demonstrate a Fourth Amendment violation, Dorey must allege facts concerning the severity of the underlying crime for which he was being arrested; the immediate threat (or lack thereof) to the safety of the officers or others, including whether others like his girlfriend were trying to intervene in the arrest; and whether he was actively resisting arrest or attempting to evade being arrested by flight.

As alleged, the Complaint does not sufficiently state a claim for relief under the Fourth Amendment. It makes conclusory legal allegations devoid of factual allegations that would make his claim plausible. And the Complaint improperly relies on the Fourteenth

7

and Eighth Amendments to the United States Constitution instead of the Fourth Amendment. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Put simply, Dorey's statement that defendants' use of force was "without justification" absent factual allegations amounts to "no more than a self-serving, un-supported legal conclusion." *Kier v. Prine,* No. 7:14-CV-0145-HL-TQL, 2014 WL 5821675, at *3 (M.D. Ga. Nov. 10, 2014) (relying on *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (holding dismissal is not prevented by unwarranted deductions of facts or legal conclusions masquerading as facts)). Because there is a possibility that Dorey may be able to state a claim for relief, the Complaint is dismissed without prejudice with leave to amend. To the extent Dorey is attempting to represent Ms. Bell in this action, Dorey may not do so, and Ms. Bell is not considered a plaintiff in this case.

III.   Conclusion

For the foregoing reasons, the following is **ORDERED**:

1. Dorey's Complaint (Doc. 1) is **DISMISSED without prejudice** to the filing of an amended complaint **by July 5, 2022**.

    a. To amend his complaint, Dorey should completely fill out a new civil rights complaint. On the new form, Dorey must mark it as "Amended Complaint."

8

The amended complaint must include *all* of Dorey's claims in this action that he wishes to pursue. It may not refer to or incorporate prior complaints.

b. The amended complaint supersedes all prior complaints, and all claims must be raised in the amended complaint.

2. **Dorey is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice. Failure to file an amended complaint by the deadline will result in this Court losing jurisdiction to entertain prejudgment motions, including ones for extension of time.**

3. The Clerk is directed to mail to Dorey, along with this Order, a standard prisoner civil rights complaint form on the address that he identifies in his Supplement and Notice of Change of Address. (Doc. 5.)

**ORDERED** in Ocala, Florida on June 21, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge